EDMUND B. CONANT, RESPONDENT, v. ROBERT M. PETTIT, APPELLANT.

Submitted December 9, 1918—Decided March 3, 1919.

A person acting as agent for another cannot use the power conferred by his position to make an advantage for himself out of the business entrusted to him. If, in acting for a vendee, he misleads his principal as to the amount actually paid to the vendor, and, by concealment or other artifice, obtains from him a sum greater than the purchase price, the principal is entitled to require the agent to refund the excess to him.

On appeal from the Supreme Court.

For the appellant, *George W. Flaacke.*

For the respondent, *Eugene W. Leake.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal brings up for review a judgment for $37,554.98 entered in favor of the plaintiff on the verdict of a jury.

The material facts are as follows: One Stewart was the owner of five hundred and fifty shares of the capital stock of the Thomas J. Stewart Company. He gave to the defendant, Pettit, an option on the purchase of this stock for the sum of $17,500. Having this option Pettit entered into negotiations with the plaintiff, Conant, looking to the purchase by him of this same stock for the sum of $55,000. These negotiations resulted in an agreement by Conant to buy for that amount, and the agreement was consummated on his part by paying to Pettit $10,000 thereof in cash, and $45,000 in promissory notes. Pettit, upon receiving this purchase-money, exercised the option which he had from Stewart, paid the latter $17,500, received an assignment of the stock, and turned it over to Conant. So far both parties agree.

The plaintiff's case is based upon the following facts, which he sought to establish by proof: That the negotiations between them contemplated the purchase of the stock by him directly from Stewart; that the defendant concealed the fact that he had already obtained an option on it, and led plaintiff to believe that Stewart's right to sell was complete and untrammeled; that defendant offered to act as his agent in the purchase of the stock from Stewart; that he (plaintiff) accepted the offer; and, finally, that in making the purchase from Stewart the defendant was not acting on his own behalf, but was carrying out his agreement with the plaintiff, and was acting as his agent. His claim is that because the defendant was his agent in the transaction he was entitled to receive the stock for the price paid to Stewart, and that he now has a right to recover the difference between that amount and the amount of his own payment. The defendant, on the other hand, asserts that his purchase from Stewart, and his sale to the plaintiff, were absolutely independent transactions; that in making the purchase he was acting for himself alone, and not at all as the agent of the plaintiff. The court left this fundamental question to the jury for solution and they found in favor of the plaintiff.

The first ground upon which we are asked to reverse the judgment is that the court improperly refused a motion to nonsuit at the close of the plaintiff's case, the ground of the motion being that there was an absolute failure on the part of the plaintiff to prove the value of the stock received, and second, that there was no proof of the existence of the relation of principal and agent between the parties. We think the motion was properly denied. The absence of proof of the value of the stock was immaterial and irrelevant for reasons to be hereafter stated. We find in the plaintiff's case ample evidence supporting his claim that in making the purchase from Stewart the defendant was acting as his (plaintiff's) agent. The refusal of the trial court to take the case from the jury for lack of such evidence was, therefore, entirely justified.

The next ground of reversal is directed at the refusal of the trial court to direct a verdict in favor of the defendant. The motion for a direction was rested upon the same grounds as those submitted as the basis of the motion to nonsuit. The judicial action now complained of was proper, for the reasons which we have just given in dealing with the matter of the earlier motion.

It is next contended that the trial court erred in charging the jury that if they should find in favor of the plaintiff on the question of agency *vel non,* then the measure of his damages was the difference between the amount paid by him to the defendant and the sum paid by the latter to Stewart for the purchase of the stock; the contention of defendant's counsel being that, as the plaintiff's case tended to prove fraud on the part of the defendant, the plaintiff was only entitled to recover from him the difference between the $55,-000 paid to him and the actual market value of the stock at the time of the purchase. But this contention is based upon an inaccurate conception of the plaintiff's real cause of action, which is founded upon the principle that a person acting as agent for another cannot use the power conferred by his position to make an advantage for himself out of the business entrusted to him. The bargain which the agent makes with the vendor is for the benefit of his principal, and the latter is entitled to all the fruits of that bargain. The price paid for the purchase is paid on account of the principal, and both the law and common fairness require the agent to turn over the property purchased at the price for which he acquired it. If he misleads his principal, and by concealment, or other artifice, obtains from him a sum greater than the purchase price, the principal is entitled, upon discovering the fraud, to require the agent to refund to him the excess. The charge to the jury was based upon this theory of the law and so contains nothing of error.

We are asked to reverse this judgment on the further ground that the trial court erred in refusing to instruct the jury that at most their verdict could only be for nominal

damages in favor of the plaintiff. This request was based upon the theory already discussed that the measure of the plaintiff's damages was the difference between the price paid by him for the stock and the market value of that stock at the time of purchase, with the added fact that there was no proof of such market value. But what we have already said with relation to the instruction of the court to the jury on the measure of damages disposes of this contention adversely to the appellant.

The only other ground of reversal argued is directed at the refusal of the court to permit questions tending to show the value of the stock purchased, and other questions relating to the amount of salary received by various officers of the corporation. But, manifestly, in view of what has already been said, these questions were properly overruled, for the reason that their purpose was to inject into the case matters which were entirely immaterial and irrelevant, throwing no light whatever upon the real issues involved in the controversy.

We observe that the case was tried on both sides upon the theory that the amount of the plaintiff's recovery, in case he was entitled to recover at all, was not affected by the fact that $45,000 of the purchase-money paid by him was in the shape of promissory notes; or, stated in another way, that there was an absolute obligation on the part of the plaintiff to pay those notes when they should become due. We observe, further, that the trial court accepted this theory in the charge to the jury and that the verdict of the jury is based upon it. Although the matter is not brought before us by any reason for reversal, we deem it proper to point out, in the interest of justice, that the plaintiff, having submitted his case to the jury upon the theory that he was under an absolute obligation to pay these notes upon maturity, and having accepted a verdict based upon that theory, cannot hereafter successfully deny that liability. Whether the Supreme Court, in the exercise of its equitable powers, will stay execution upon the present judgment until the defendant has had an oppor-

tunity to put these notes in judgment, and then allow the judgment thus recovered to be set off against that of the plaintiff under the doctrine laid down in *Brown* ads. *Hendrickson*, 39 *N. J. L.* 239, and amplified in *Blackburn* v. *Reilly*, 48 *Id.* 82, is a matter for that tribunal to determine upon a proper application to it.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.